IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRUCE ALLEN ENGLESBY,

                Plaintiff,

v.

WISCONSIN DEPARTMENT OF REVENUE

                Defendant.

OPINION AND ORDER

20-cv-222-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Bruce Allen Englesby contends that defendant Wisconsin Department of Revenue violated his right to due process by mailing notices to his auto repair shop without requiring that he sign for the notices when they were delivered. Plaintiff says that defendant sent a notice regarding unpaid taxes and a notice stating that his shop was to be closed, and that plaintiff's employee signed for the notices when plaintiff was not present in his shop. Plaintiff seeks $250 million in damages for defendant's failure to require plaintiff to sign for the notices. Because plaintiff is proceeding without prepayment of the filing fee, his complaint must be screened under 28 U.S.C. § 1915(e) to determine whether any portion is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

To state a claim under the Due Process Clause, plaintiff must allege that (1) he was deprived of a liberty or property interest, and (2) he did not receive adequate process. Kowalski v. Boliker, 893 F.3d 987, 1000 (7th Cir. 2018). Plaintiff's allegations do not satisfy either element of a due process claim. He has not alleged that he was deprived of any

1

liberty or property interest and he has not alleged that he was denied process. He alleges only that his employee signed for notices that plaintiff thinks he should have signed for. I am not aware of any federal law that would have required defendant to obtain plaintiff's signature on notices that it sends in the mail as part of required process. I conclude, therefore, that plaintiff has failed to state a claim for violation of his due process rights. Accordingly, I will dismiss this case.

ORDER

IT IS ORDERED that plaintiff Bruce Allen Englesby's complaint is DISMISSED for failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 1st day of May, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge